# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

RAYOND GONZALEZ,

                              Petitioner,

                              09-CV-6423-CJS

          -vs-

                              DECISION & ORDER

JOHN B. LEMPKE,

                              Respondent.

___

**APPEARANCES**

For Petitioner:                            Raymond Gonzalez 99-A-1878 *pro se*
                                              Five Points Correctional Facility
                                              Box 119
                                              Romulus, NY 14541

For Respondent:                           Andrew M. Cuomo
                                              New York State Attorney General
                                              by Paul B. Lyons, Esq.
                                              Office of New York State Attorney
                                              General
                                              120 Broadway
                                              New York, NY 10271

**INTRODUCTION**

     **Siragusa, J.** This state *habeas corpus* petition is before the Court on Respondent's motion (Docket No. 7) to dismiss and motion (Docket No. 11) for an extension of time to file an answer, Petitioner's motion (Docket No. 14) to appoint counsel and his motion (Docket No. 15) for an extension of time to file a response to Respondent's motion to dismiss. For the reasons stated below, Petitioner's motion for the appointment of counsel is denied, his motion for an extension of time to respond to the motion to dismiss is

granted, Respondent's motion for an extension of time is granted, and the Court reserves decision on Respondent's motion to dismiss.

## BACKGROUND

Inasmuch as petitioner is proceeding pro se, this Court will construe the petition liberally. *See Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). Petitioner filed with this Court on August 20, 2009, seeking review of a judgment of conviction entered in New York State County Court, Wyoming County, on May 12, 2005, convicting him of assault in the second degree under indictment 5198 following a jury trial. At issue is whether he was denied a right to appeal his conviction to the New York State Supreme Court, Appellate Division, Fourth Judicial Department.[1] Included as an exhibit attached to the petition is a letter from Stuart M. Cohen, Clerk of the Court, New York Court of Appeals, in which he writes, *inter alia*, the following:

---

[1] Petitioner raises three other grounds, but all concern conditions of confinement, thus, are not cognizable under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973) ("over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction."). Thus, Petitioner's Ground two, that he was denied access to his legal papers and unlawfully confined in a psychiatric center, Ground three, that he was knowingly assaulted and infected with hepatitis C virus, and Ground four, that he is being unlawfully deprived of his legal papers, are claims not properly considered in a petition for a writ of *habeas corpus*, but might for the basis for a civil rights lawsuit. *See Welch v. Mukasey* 589 F. Supp. 2d 178, 183 n.3 (N.D.N.Y. 2008) ("Welch also alleges that he is being illegally confined in the Special Housing Unit ('SHU'), he is not being protected against 'serious physical injury,' and his food is being 'contaminated/poisoned' in furtherance of the conspiracy which is at the heart of his petition…. Those claims, to the extent that they challenge conditions of confinement, are not cognizable on habeas review. *See Green v. Duncan*, No. 01-cv-886, 2007 WL 781927, at *2-3 (N.D.N.Y. Mar.13, 2007) (Sharpe, D.J. adopting Report-Recommendation of Bianchini, M.J.) (dismissing habeas petition where penalty at issue dealt with the 'circumstances and conditions of confinement and not with the duration thereof').").

> I have inquired of the office of the Clerk of the Appellate Division, Fourth Department about the status of your case, and I have been advised of the following:
>
> It appears that, after you failed to meet the deadline set by the Appellate Division for filing the necessary papers on your appeal, that your appeal was dismissed by virtue of the provision in an order of the Appellate Division that, upon failure to comply with the filing deadline, your appeal would be deemed dismissed without further order.
>
> It further appears that you moved in that court to vacate the dismissal of your appeal and that, in an order dated May 14, 2008, the Appellate Division denied the motion with leave to renew upon a showing of sufficient facts to demonstrate a meritorious appeal.

(Pet. Ex. F, Docket No. 1-3.)

On August 31, 2009, the Court granted Petitioner's application to proceed *in forma pauperis*, and directed Respondent to file and serve an answer by October 13, 2009, and granting Respondent leave to file a motion to dismiss the petition within thirty days of the date of the Order. (Docket No. 3, at 2.) On November 13, 2009, Respondent filed his motion to dismiss. (Docket No. 7.) On November 24, 2009, the Court issued a Motion Scheduling Order directing Petitioner to respond to the motion to dismiss by December 18, 2009. On November 27, 2009, Respondent filed his motion to extend the time to answer until after the Court rendered a decision on his motion to dismiss. (Docket No. 11.) On December 29, 2009, Petitioner filed his motions for the appointment of counsel (Docket No. 15) and to extend his time to respond (Docket No. 15).

## STANDARDS OF LAW

*Appointment of Counsel*

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.,*

*Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).

Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona,* 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

***Extension of time***

Federal Rule of Civil Procedure 6 reads in pertinent part as follows:

When an act may or must be done within a specified time, the court may, for good cause, extend the tim: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b) (2009). The determination of what constitutes "excusable neglect"

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.…These include…the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) (footnotes omitted). *Pioneer* interpreted Bankruptcy Rule 9006(b), but the Second Circuit has extended the case's reasoning to the use of the term "excusable neglect" generally, and in particular to Federal Rule of Civil Procedure 6(b)(2). *See LoSacco v. City of Middleton*, 71 F.3d 88, 93 (2d Cir. 1995).

## ANALYSIS

### *Petitioner's request for an extension of time to respond to the motion to dismiss*

Petitioner seeks a thirty day extension to respond to Respondent's motion to dismiss, to commence once the Court "decides Plaintiff rejection of the motion to dismiss as untimely based on the attached exhibits…." (Docket No. 15, at 1.) The Court's November 24, 2009, Motion Scheduling Order clearly indicated that Petitioner was to respond to the motion to dismiss by December 18, 2009. Petitioner states that on November 17, 2009, he rejected and returned the motion to dismiss because he thought it was untimely filed.

The Court's docket indicates the motion to dismiss was timely filed, and the Court will consider it. Because Petitioner's motion to extend the time to respond was made after the December 18, 2009, deadline, he is required to make a showing that he failed to respond as a result of excusable neglect. This he has not done. In fact, it was entirely Petitioner's volitional act of rejecting and returning the motion papers that caused him to

no longer have a copy of the motion. However, the Court is aware that Petitioner is proceeding *pro se*. In that regard, Petitioner's lack of a response to the motion to dismiss will result in the Court reviewing the motion without the benefit of any input of substance from Petitioner. Moreover, the length of the delay is less than a month thus far, and permitting Petitioner a reasonable time to respond will have little potential impact on the proceedings. Therefore, the Court reluctantly will permit Petitioner until February 15, 2010, to file a response to the motion. In addition, the Court will direct the Clerk to send a copy of the filed motion papers to Petitioner to replace the ones he rashly returned to Respondent's counsel.

***Petitioner's request for appointment of counsel***

Petitioner requests appointment of counsel for the following reason:

> I believe that under the following circumstances of my case the court should grant my request because this case involve[s] conflicting evidence and discovery, investigations and procedures which require be [sic] represented by a[n] attorney.

(Docket No. 14 at 1.) Petitioner does not further elaborate on his request. From a review of the docketed papers, it does not appear to the Court that counsel will provide substantial assistance in developing petitioner's arguments at this time, nor are the claims particularly complex. Petitioner appears to have defaulted on his appeal in State court by failing to follow the requirements for perfecting the appeal. Based on its review of the motion and papers filed to date, Petitioner's motion for appointment of counsel is denied, without prejudice at this time. It is Petitioner's responsibility to retain an attorney or press forward with this lawsuit pro se. 28 U.S.C. § 1654.

*Respondent's motion for an extension to file an answer*

Respondent's answer was due to be filed on October 13, 2009, but upon the timely filing of a motion to dismiss, that date was extended by fourteen days. (Docket No. 3.) On October 5, 2009, the Court extended the answering deadline to November 13, 2009. (Docket No. 5.) The Court finds that Respondent's November 27, 2009, motion to extend the time to answer until after the Court rendered a decision on his motion to dismiss was timely filed. Pursuant to Federal Rule of Civil Procedure 6(a), the Court grants the motion, and directs that any answer be filed within thirty days after the docketing of a decision on Respondent's pending motion to dismiss.

*Respondent's motion to dismiss*

In view of the extension the Court has granted to Petitioner to respond to Respondent's motion to dismiss, the Court reserves decision on the application to dismiss the petition, and will take it under advisement once Petitioner's response is filed, or on February 15, 2010, whichever is earlier.

## CONCLUSION

For the foregoing reasons, the Court grants Respondent's motion (Docket No. 11) for an extension of time to file an answer. Respondent's answer is due within thirty days of the Court's decision on the pending motion to dismiss. Petitioner's motion (Docket No. 14) to appoint counsel is denied and his motion (Docket No. 15) for an extension of time to file a response to Respondent's motion to dismiss, is granted. **Petitioner shall have until February 15, 2010, to file a response.** After that date, the Court will take the case

under advisement and render a decision on the motion to dismiss, regardless of whether Petitioner has filed a response.

The Clerk is directed to send Petitioner a copy of the motion to dismiss (Docket No. 7), the memorandum of law in support (Docket No. 8) and the declaration of John B. Lempke (Docket No. 9), as well as a copy of the docket sheet in this case.

IT IS SO ORDERED.

Dated: January 15, 2010
        Rochester, New York

ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge