UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYMOND GONZALEZ, 99-A-1878,

                Petitioner,

                                DECISION AND ORDER
        -v-                              09-CV-6423 CJS

JOHN B. LEMPKE, ET AL.,

                Respondents.
_____

**APPEARANCES**

For Petitioner:                        Raymond Gonzalez 99-A-1878 *pro se*
                                               Five Points Correctional Facility
                                               Box 119
                                               Romulus, NY 14541

For Respondent:                     Paul B. Lyons, Esq.
                                               Office of New York State Attorney General
                                               120 Broadway
                                               New York, NY 10271

**INTRODUCTION**

**Siragusa, J.** Before the Court is a motion to dismiss the *pro se* petition of Raymond Gonzalez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 petition is dismissed.

**BACKGROUND**

*Procedural History*

On February 27, 2004 Petitioner was charged with Assault in the Second Degree (Penal Law §120.05(7)) for assaulting Barbara J. Higley, a nurse at Attica Correctional Facility. On February 7 and 8, 2005, a trial was held in Wyoming County Court and a jury found Petitioner guilty as charged. On May 12, 2005, he was sentenced as a second felony offender to a determinate term of seven years imprisonment followed by five years of post-

release supervision, which was to be served consecutively to the sentence he was then serving.

On December 1, 2005, the Appellate Division, Fourth Department granted Petitioner permission to proceed on his criminal appeal *pro se*. Petitioner appealed his conviction to the Appellate Division, which granted him several extensions of time to perfect his appeal. However, on September 6, 2007, the Appellate Division denied him a further extension "with leave to renew on or before October 5, 2007 upon a showing of merit (*see* 22 N.Y.C.R.R. 1000.13[g])." Order, *People v. Gonzalez*, Indictment No. 5198 (N.Y. App. Div. 4th Dept. Sept. 6, 2007). Petitioner failed to renew in accordance with the Appellate Division's order by the October 5, 2007, and his appeal was subsequently dismissed for failure to perfect.

On May 14, 2008, the Appellate Division denied Petitioner's motion to vacate the dismissal of his appeal. Petitioner did not seek leave to appeal the Appellate Division's orders from the New York State Court of Appeals.

***Writ of Habeas Corpus***

On August 9, 2009, Petitioner filed the pending habeas petition with this Court. Petitioner raises the following claims: (1) that he was denied the right to appeal his criminal conviction; (2) that he was deceived and unlawfully transferred to the Central New York Psychiatric Center and denied access to his legal papers; and (3) that he was denied a fair trial.

Respondent counters in his motion to dismiss that: (1) the petition should be dismissed as untimely because it was filed after the statutory limitations period expired, and Petitioner has not established grounds for equitable tolling; (2) Petitioner's claims are barred on adequate and independent state grounds; and (3) Petitioner's claims have not been

exhausted, and until exhausted, are procedurally barred.

## DISCUSSION

Generally, a Federal court will not entertain a habeas corpus petition from a state prisoner unless the prisoner has exhausted state court remedies. *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained. *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 n.3 (2d Cir. 1982) ("a petitioner need not give the state court system more than one full opportunity to rule on his claims; if he has presented his claims to the highest state court on direct appeal he need not also seek state collateral relief.").

In the instant case, Respondent argues that Petitioner has not exhausted his claims. The Court agrees. Petitioner, although given extensions to timely perfect his appeal, failed to do so and, therefore, the Appellate Division dismissed his appeal. Thereafter, the Appellate Division denied his motion to vacate the dismissal. In a letter dated December 8, 2008, the Clerk of the New York State Court of Appeals, Stuart M. Cohen, responded to an inquiry from Petitioner as follows:

> I have inquired of the office of the Clerk of the Appellate Division, Fourth Department about the status of your case, and I have been advised of the following:
>
> It appears that, after you failed to meet the deadline set by the Appellate Division for filing the necessary papers on your appeal, that your appeal was dismissed by virtue of the provision in an order of the Appellate Division that, upon failure to comply with the filing deadline, your appeal would be deemed dismissed without further order.

It further appears that you moved in that court to vacate the dismissal of your appeal and that, in an order dated May 14, 2008, the Appellate Division denied the motion with leave to renew upon a showing of sufficient facts to demonstrate a meritorious appeal.

Although it appears that both the Appellate Division and you understand that your appeal to that court has been dismissed, if you desire a formal order embodying that dismissal, your request will have to be directed to that court in a form complying with the requirements of its rules. This office cannot provide you with such an order and we cannot request one from the Appellate Division for you.

(Letter from Stuart M. Cohen to Raymond Gonzalez (Dec. 8, 2008) (Docket No. 9-5, at 72).) Therefore, the record before the Court conclusively establishes that Petitioner did not exhaust his state court remedies.

## CONCLUSION

Accordingly, Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: September 2, 2010
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE